# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HEATH A. COWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1779 CAS |
| | ) | (FRB) |
| LARRY DENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motions for appointment of counsel, as well as his motion for extension of time to file his traverse. Respondent has not responded to any of the aforementioned.

In September 2002, petitioner was convicted in Jefferson County, Missouri, of statutory rape in the first degree and child molestation in the first degree. Petitioner was sentenced to consecutive terms of life imprisonment for the rape conviction and twenty years' imprisonment for the child molestation conviction. On November 12, 2008, petitioner filed an application for writ of habeas corpus, seeking to have his criminal conviction overturned. See 28 U.S.C. § 2254. In his application for writ of habeas corpus, petitioner asserts four grounds for relief: (1) that the trial court lacked jurisdiction to try and convict him because the State had failed to timely bring his case to trial under Missouri's disposition of detainers law; (2) that the trial court lacked

jurisdiction to try and convict him on the amended charge of child molestation in the first degree because he never received a preliminary hearing on that charge; (3) that he was denied due process because he was not allowed to state his side of the case; and (4) that his attorney did not adequately prepare for trial. Petitioner seeks the appointment of counsel to assist him with his claims. In addition, petitioner requests an additional thirty (30) days to file his traverse.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. Id.

The facts of the present case are not complex. Petitioner's four stated grounds for relief are relatively straight-forward and primarily involve questions of law. Further, a reading of the application for writ shows petitioner able to investigate facts. Petitioner has adequately identified the circumstances giving rise to his claims and the bases upon which he contends he is entitled to relief. Whether, and to what extent, conflicting testimony exists with respect to the substance of petitioner's claims will be more evident upon further proceedings in this case. However, because the majority of

petitioner's claims are questions of law, it does not appear at this juncture that this factor would weigh in favor of appointment of counsel.

Because the factual nature of this case is not complex and petitioner has provided the Court with details giving rise to his claims, the undersigned finds petitioner to be able to adequately present his claims to the Court. Petitioner will, however, be granted additional time to file his traverse.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motions for appointment of counsel [Doc. #4 and #10] are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time to file his traverse [Doc. #17] is **GRANTED**. Petitioner's traverse shall be filed no later than **July 2, 2009.**

Dated this 12th day of May, 2009.

_____
FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE