UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATH A. COWIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:08CV1779 CAS |
| | ) (FRB) |
| DAVE DORMIRE, et al,[1] | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Missouri state prisoner Heath A. Cowin's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

**I.  Procedural History**

On August 1, 2002, a jury convicted petitioner in the Circuit Court of Jefferson County, Missouri, of one count of Statutory Rape First Degree and one count of Child Molestation First Degree. (Resp. Exh. C at 69-70.) On September 16, 2002, petitioner was sentenced as a prior and persistent offender to consecutive terms of life imprisonment and twenty years'

---

[1]Petitioner is incarcerated at the Jefferson City Correctional Center (JCCC) in Jefferson City, Missouri. JCCC's Acting Warden, Kelly Morriss, should be substituted for Dave Dormire as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

imprisonment, respectively. (<u>Id.</u> at 101-05.) The Missouri Court of Appeals affirmed petitioner's conviction and sentence on November 12, 2003. <u>State v. Cowin</u>, 120 S.W.3d 293 (Mo. Ct. App. 2003) (order) (*per curiam*). Mandate issued December 9, 2003. On February 5, 2004, petitioner filed a motion for post-conviction relief, which was subsequently amended by appointed counsel. The trial court denied the motion after a hearing. (Resp. Exh. H.) The Missouri Court of Appeals affirmed the denial of post-conviction relief on April 22, 2008. <u>Cowin v. State</u>, 255 S.W.3d 525 (Mo. Ct. App. 2008) (order) (*per curiam*). Petitioner's Motion for Rehearing and/or Transfer to the Supreme Court was denied June 12, 2008. Mandate issued July 8, 2008.

Petitioner filed the instant petition for writ of habeas corpus on November 12, 2008. In the petition, petitioner raises four claims for relief:

**Ground 1:** That the trial court lacked jurisdiction to try and convict him inasmuch as the State failed to timely bring him to trial under Missouri's disposition of detainers law;

**Ground 2:** That the trial court lacked jurisdiction to try and convict him on the amended charge of child molestation inasmuch as he never received a preliminary hearing on the amended information which contained said charge;

**Ground 3:** That he was denied due process of law inasmuch as he was not allowed to state his side of the case; and

**Ground 4:** That he received ineffective assistance of trial counsel in that counsel was not adequately prepared for trial.

In response, respondents contend that the claims raised in Grounds 1 and 2 of the instant petition are not cognizable in a federal habeas proceeding and must be dismissed. Respondents further argue that the claims raised in Grounds 3 and 4 of the petition are procedurally barred from federal habeas review inasmuch as petitioner failed to properly raise the claims in state court. Alternatively, respondent contends that the claims raised in Grounds 1 through 4 are without merit and should be denied.

## I. Non-Cognizable Claims

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a federal petition for writ of habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In his first claim for relief, petitioner alleges that the trial court lacked jurisdiction to try and convict him inasmuch as the delay in bringing him to trial violated Missouri's Uniform Mandatory Disposition of Detainers Law (UMDDL), Mo. Rev. Stat. § 217.450. "The question of whether the state violated its own speedy trial statute is a matter for the state courts." Matthews v. Lockhart, 726 F.2d 394, 396 (8th Cir. 1984). Federal habeas relief does not lie for errors of state law. Estelle v. McGuire,

502 U.S. 62, 67 (1991). See also Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997) ("It is not the office of a federal habeas court to determine that a state court made a mistake of state law."). Inasmuch as petitioner claims only that the failure to bring him to trial in a timely manner violated Missouri law, the claim is not cognizable in this proceeding and should be denied.

In his second claim for relief, petitioner claims that the trial court lacked jurisdiction to try him on the amended charge of child molestation, as contained in the amended information, inasmuch as there was no preliminary hearing on the charge prior to trial. There is no constitutional right to a preliminary hearing. Stanfield v. Swenson, 332 F. Supp. 497, 499 (W.D. Mo. 1969). In addition, the issue of trial court jurisdiction over a count in an amended information is controlled by Missouri law. See Missouri Supreme Court Rule 23.08. As such, petitioner's contention that the trial court lacked jurisdiction over the amended charge of child molestation, due to the court's failure to conduct a preliminary hearing on the amended information, does not raise a claim that petitioner was deprived of a federally protected right. Lane v. Wyrick, 541 F. Supp. 543, 546 (E.D. Mo. 1982) (mere failure to accord a defendant a preliminary hearing is not a federal constitutional ground for vacating his subsequent sentence after trial) (citing Gerstein v. Pugh, 420 U.S. 103, 119 (1974)). The claim raised in Ground 2 of the instant

4

petition is therefore not cognizable in this proceeding and should be denied.

## II.  Cognizable Claims

Petitioner's remaining claims appear to assert that he is in custody in violation of his constitutional rights.  Such claims are cognizable and thus may be addressed by this Court.

A.  <u>Exhaustion Analysis</u>

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition.  28 U.S.C. § 2254(b)(1); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999).  The Court must first examine whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court.  <u>Smittie v. Lockhart</u>, 843 F.2d 295, 296 (8th Cir. 1988); <u>see also</u> <u>Boerckel</u>, 526 U.S. at 848.  If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court.  <u>Smittie</u>, 843 F.2d at 296.  When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims.  <u>Coleman v. Thompson</u>, 501

U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, 544 U.S. 269 (2005).

A review of the record shows petitioner's remaining claims for relief to be exhausted because petitioner has no available non-futile state remedies by which he could now pursue his claims.

B. Procedural Default

1. *Ground 3 — Denial of Due Process*

In his third claim for relief, petitioner contends that he was denied due process of law because he was not allowed to state his side of the case. Petitioner specifically claims that he was not permitted to testify on his own behalf, was not allowed to conduct research in a law library, and that only six of his thirteen proposed witnesses were allowed to testify. A review of the record shows petitioner not to have raised such a due process claim on direct appeal or in any other state court proceeding.

Missouri procedure requires that a claim for relief be presented at each step of the judicial process. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). Because the petitioner here failed to raise the instant due process claim in any state court

6

proceeding, the claim is procedurally defaulted and cannot be reviewed by this Court unless the petitioner shows cause for his default and prejudice resulting therefrom, or that a fundamental miscarriage of justice would occur if the Court were not to address the merits of the claim. Coleman, 501 U.S. at 750. In the instant case, petitioner asserts no bases for cause to excuse his procedural default, nor argues that he suffered any resulting prejudice.

In his Traverse, petitioner appears to claim that he is actually innocent of the crimes of which he was convicted. Such bare assertion, with nothing more, is insufficient to invoke the "fundamental miscarriage of justice" exception to the cause and prejudice standard. To raise the fundamental miscarriage of justice exception, petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006); see also Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995). "[A] claim of 'actual innocence' is . . . a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Mansfield v. Dormire, 202 F.3d 1018, 1024 (8th Cir. 2000). To successfully pursue a claim of actual innocence, petitioner must show 1) new reliable evidence not available at trial; and 2) that, more likely than not, no reasonable juror would have convicted petitioner in

7

light of the new evidence. Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001). Here, petitioner presents no new reliable evidence of his actual innocence. Schlup v. Delo, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997) (en banc) (bare, conclusory assertion that a petitioner is actually innocent insufficient to excuse a procedural default). Inasmuch as petitioner has failed to present any evidence of actual innocence, he has failed to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Weeks, 119 F.3d at 1352-53. Therefore, the Court's refusal to entertain petitioner's procedurally defaulted claim will not result in a fundamental miscarriage of justice.

Accordingly, for the foregoing reasons, the claim raised in Ground 3 of the instant petition is procedurally barred from federal habeas review and should be denied.

2. *Ground 4 — Ineffective Assistance of Trial Counsel*

In his fourth claim for relief, petitioner contends that he received ineffective assistance of trial counsel in that she was inadequately prepared for trial. Petitioner specifically contends that counsel did nothing for eleven months prior to trial, failed

to communicate with petitioner during this time, and began to prepare only three days before trial was to begin. In his Traverse, petitioner also contends that counsel did not allow him to testify and, further, limited the testimony of the witnesses who testified on his behalf. A review of the record shows that, although petitioner raised a claim of ineffective assistance of trial counsel in state court, he failed to assert the same factual grounds upon which he bases his claim here. (See Resp. Exhs. F, H.)

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly, 28 F.3d at 53. In Missouri, claims of ineffective assistance of trial counsel are to be brought by way of motion for post-conviction relief pursuant to Rule 29.15. See Shigemura v. Groose, 45 F.3d 250, 251 (8th Cir. 1995) (citing State v. Wheat, 775 S.W.2d 155, 157-58 (Mo. banc 1989)). Further, to preserve such a claim for federal habeas review, the petitioner must raise the claim on appeal from the denial of the post-conviction motion. Jolly, 28 F.3d at 53 (citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)). The failure to do so erects a procedural bar to federal review. Id. In addition, for a claim to be fairly presented to state court, a habeas petitioner must assert the same factual grounds and legal theories in the state court proceeding as he asserts in his federal habeas petition. Picard v. Connor, 404

9

U.S. 270 (1971); <u>Abdullah v. Groose</u>, 75 F.3d 408, 411 (8th Cir. 1996). Mere similarity in claims is insufficient. <u>Abdullah</u>, 75 F.3d at 412 (citing <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) (*per curiam*)). Failure to raise the factual basis of a federal habeas claim in state court results in a procedural default of the claim. <u>See</u> <u>id.</u>

Here, petitioner claims that trial counsel was ineffective on account of her failure to work on his case until immediately prior to trial, her failure to communicate with petitioner, her limitation of witness testimony, and her failure to allow petitioner to testify. Petitioner did not raise these factual bases in state court as grounds for finding ineffective assistance of counsel. Therefore, petitioner's claim of ineffective assistance of counsel raised in the instant petition is procedurally barred from review by this Court unless petitioner can show cause for his default and actual prejudice resulting therefrom, or demonstrate "that failure to consider the claim[] will result in a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 731-32, 750. Petitioner has neither asserted nor shown cause for or prejudice as a result of his failure to properly pursue this claim in state court. In addition, as set out above, because petitioner has failed to present any evidence of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice.

Therefore, petitioner's claim of ineffective assistance of trial counsel, as set out in Ground 4 of the instant petition, is procedurally barred from review by this Court and should be denied.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Kelly Morriss, Acting Warden of Jefferson City Correction Center, be substituted for Dave Dormire as proper party respondent in this cause.

**IT IS FURTHER RECOMMENDED** that petitioner Heath A. Cowin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

The parties are advised that any written objections to this Report and Recommendation shall be filed not later than **December 6, 2011.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).


UNITED STATES MAGISTRATE JUDGE

Dated this  _22nd_  day of November, 2011.

11