### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| HEATH A. COWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1779 CAS |
| | ) | |
| JEFF NORMAN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on state prisoner Heath A. Cowin's action pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge Frederick R. Buckles for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

**Procedural Background**

On November 22, 2011, Judge Buckles filed a Report and Recommendation of United States Magistrate Judge which recommended that Cowin's petition for writ of habeas corpus be denied, and that the current warden of the Jefferson City Correctional Center be substituted for Dave Dormire as the proper party respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. No objections were filed to the Magistrate Judge's Report and Recommendation within the time permitted, and the Court adopted the Report and Recommendation and issued a Judgment denying the petition for writ of habeas corpus on December 19, 2012.

On December 27, 2012, petitioner informed the Clerk that he had not received the Magistrate Judge's Report and Recommendation, but rather had only received this Court's Order and Judgment

adopting the Report and Recommendation.  The Court set aside and vacated its Order adopting the

Report and Recommendation and the Judgment on December 28, 2012, and granted petitioner

additional time to file objections.  Petitioner timely filed objections on February 6, 2012.

**Discussion**

I.

The Court has carefully reviewed petitioner's objections and the entire record of this matter.

The petition asserts four claims for relief:

> **Ground 1:** The trial court lacked jurisdiction to try and convict petitioner because
> the State failed to timely bring him to trial under Missouri's disposition of detainers
> law;

> **Ground 2:** The trial court lacked jurisdiction to try and convict petitioner on the
> amended charge of child molestation because he never received a preliminary
> hearing on the amended information which contained said charge;

> **Ground 3:** That petitioner was denied due process of law because he was not
> allowed to state his side of the case because he was not allowed to testify on his own
> behalf, was not allowed to conduct research in a law library, and only six of his
> thirteen proposed witnesses were allowed to testify; and

> **Ground 4:** That petitioner received ineffective assistance of trial counsel in that
> counsel was not adequately prepared for trial, did not begin to prepare until three
> days before trial was to begin, did not allow him to testify, and limited the testimony
> of witnesses who testified on his behalf.

The Magistrate Judge concluded that Ground 1 is not cognizable on federal habeas review

because petitioner claims only that the failure to bring him to trial in a timely manner violated

Missouri law, and federal habeas relief does not lie for errors of state law.  See Estelle v. McGuire,

502 U.S. 62, 67 (1991).  The Magistrate Judge concluded that Ground 2 is not cognizable on federal

habeas review, because petitioner's contention that the trial court failed to conduct a preliminary

hearing on the amended information does not raise a claim that petitioner was deprived of a

2

federally-protected right.  This is because there is no constitutional right to a preliminary hearing, and the issue of trial court jurisdiction over a count in an amended information is controlled by Missouri law.

The Magistrate Judge concluded that Grounds 3 and 4 are procedurally barred from federal habeas review and should be denied because petitioner did not raise these claims on direct appeal or in any other state court proceeding, as required by Missouri procedure.  See Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994).  The Magistrate Judge also concluded that petitioner has not alleged or shown cause for his default and actual prejudice resulting therefrom, and has not shown that a fundamental miscarriage of justice would occur if the Court did not address the merits of the claim, because petitioner has not presented any evidence of actual innocence.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Thus, the Magistrate Judge concluded that the Court on habeas review could not reach the merits of the procedurally-barred claims.

In the objections, petitioner does not address the Magistrate Judge's legal conclusions, but rather reasserts his arguments concerning the merits of the grounds for relief presented in the petition for writ of habeas corpus and in petitioner's traverse.  Upon de novo review, the Court concludes that the Magistrate Judge's legal analysis is correct for the reasons stated in the well-reasoned Report and Recommendation.  Petitioner's objections are therefore overruled.

## II.

In the objections, petitioner also appears to assert an entirely new claim, that his Sixth Amendment right to a speedy trial was violated.  Petitioner then states,

> Wherefore, I kindly ask this Honorable Court to accept my motion and for them to please appoint me legal counsel so all my rights may be upheld.  Are [sic] that I'm allowed leave so I may address this issue in state court in a state habeas corpus under Rule 91.1 and be allowed to come back to the District Court.

3

Pet.'s Objections at 5.

As a threshold matter, the Eighth Circuit has held that a party may not offer new legal theories in objections to a magistrate judge's report and recommendation, when those arguments have not been presented to the magistrate judge or addressed in the report and recommendation. Hylla v. Transportation Commc'ns Int'l Union, 536 F.3d 911, 921-22 (8th Cir. 2008).  This is because

> the purpose of referring cases to a magistrate [judge] for recommended disposition is contravened if parties are allowed to present only selected issues to the magistrate [judge], reserving their full panoply of contentions for the trial court.  A contrary rule would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review.

Id. (quoting Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000)) (internal citation and brackets omitted).  Thus, if petitioner is asking this Court to address his new Sixth Amendment speedy trial claim on de novo review, the Court declines to do so.  Cf. Moore v. Bowersox, 106 F.3d 405 (8th Cir. 1997) (Table decision) (district court did not abuse its discretion in refusing to consider new grounds for relief raised in habeas petitioner's motion for reconsideration, filed after a magistrate judge's report and recommendation was before the district court).

It is not entirely clear what relief petitioner seeks from this Court with respect to his statement that he wishes to file a Missouri Supreme Court Rule 91 habeas petition in state court and then be "allowed to come back to the District Court."  Pet.'s Objs. at 5.  The Court will liberally construe this aspect of petitioner's objections as a motion for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to permit petitioner to raise the unexhausted Sixth Amendment argument in state court.

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277.  Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted claims are "plainly meritless," whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78.

Prior to considering the merits of a state petitioner's habeas claims, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988).  If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296.  When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. Coleman, 501 U.S. 722; Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995).  Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines, 544 U.S. at 269 (2005).

In this case, petitioner does not have any non-futile state remedies by which he can present his Sixth Amendment claim to the state courts.  Rule 29.15 is the "exclusive procedure by which [a

5

convicted] person may seek relief in the sentencing court" for claims that his conviction violated the state or federal constitutions.  Mo. S. Ct. R. 29.15(a).  Any such motion must be filed no later than 90 days from the issuance of the mandate by the appellate court on direct appeal.  Mo. S. Ct. R. 29.15(b).  As a result, petitioner's Sixth Amendment claim is exhausted, and the petition is not a mixed petition subject to stay and abeyance under <u>Rhines</u> because it does not contain both exhausted and unexhausted claims.  See <u>Rhines</u>, 544 U.S. at 277.

Further, although petitioner's Sixth Amendment claim is deemed exhausted because he has no available state court remedy, this Court cannot reach the merits of the claim because petitioner has not alleged or demonstrated adequate cause to excuse his state court default, nor has he alleged or demonstrated actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claim. <u>Coleman</u>, 501 U.S. at 722.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the Report and Recommendation are overruled.

**IT IS FURTHER ORDERED** that petitioner's motion for stay and abeyance under <u>Rhines v. Weber</u> is **DENIED**.

**IT IS FURTHER ORDERED** that Jeff Norman is substituted for Dave Dormire as a proper party respondent in this case.  Rule 2(a), Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained**, **adopted** and **incorporated** herein.  [Doc. 31]

**IT IS FURTHER ORDERED** that Heath Cowin's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED**.  [Doc. 1]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

An appropriate judgment will accompany this Memorandum and Order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  9th  day of February, 2012.